UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SHIELA GAIL COE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    No.: 2:20-cv-00029 |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Newbern has entered a Report and Recommendation ("R&R") (Doc. No. 24) in which she recommends that Sheila Coe's Motion for Judgment on the Administrative Record (Doc. No. 21) be denied, and that the final decision of the Social Security Commissioner denying Coe's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, be affirmed. Coe has filed an objection to the R&R (Doc. No. 1.) In it, she argues that the Administrative Law Judge's decision was erroneous because (1) he did not specifically discuss the severity of Coe's mental impairments in making the residual function capacity ("RFC") determination, and (2) "the ALJ's RFC contains no manipulative limitations despite finding [Coe's] psoriatic arthritis severe." (Doc. No. 25 at 3).

These same arguments were raised before Magistrate Judge Newbern and correctly rejected based upon the Sixth Circuit's decision in Emard v. Comm'r of Soc. Sec., 953 F.3d 844 (6th Cir. 2020). There, like here, Emard "argue[d] that the ALJ improperly considered each of [his] impairments individually, rather than in combination, in determining Emard's residual functional capacity," and "improperly excluded Emard's nonsevere impairments from her consideration." Concluding that the ALJ's decision was based upon substantial evidence, the Sixth Circuit rejected

Emard's arguments, writing:

> Twenty C.F.R. § 416.945(e) provides that the ALJ will consider the "limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." SSR 96-8p explains that, "[i]n assessing [residual functional capacity], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" According to Emard's brief, the ALJ erred in failing to recognize that, although Emard's "chronic diarrhea ..., by itself, does not necessarily interfere with 'basic work activities,'" his "chronic diarrhea with back pain and abdominal pain interferes substantially with work related functions."
>
> Although the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's nonsevere impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and "all symptoms" at this step in the process. This court in Gooch v. Secretary of Health & Human Services, 833 F.2d 589 (6th Cir. 1987), concluded that an ALJ's statement that he had conducted "a thorough review of the medical evidence of record," along with the fact that the ALJ had considered the claimant's impairments individually, sufficed to show that the ALJ had considered the impairments in combination. Id. at 591–92. It explained that "the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered," and "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." Id. at 592. As in Gooch, the ALJ's statements that she had considered the entire record and all of Emard's symptoms suggest that she had considered Emard's impairments in combination.
>
> Moreover, the ALJ specifically noted in her summary of the applicable law that she was required to comply with SSR 96-8p's mandate to "consider all of the claimant's impairments, including impairments that are not severe." District courts in this circuit have held that an ALJ need not specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p. See, e.g., Morrison v. Comm'r of Soc. Sec., No. 1:14-CV-1059, 2016 WL 386152, at *4 (W.D. Mich. Feb. 2, 2016), aff'd, No. 16-1360, 2017 WL 4278378 (6th Cir. Jan. 30, 2017); Davis v. Comm'r of Soc. Sec., No. 1:14-CV-0413, 2015 WL 5542986, at *4 (W.D. Mich. Sept. 18, 2015). These decisions have relied on this court's decision in White v. Commissioner of Social Security, 572 F.3d 272 (6th Cir. 2009), where an ALJ's statement that she considered a Social Security Ruling pertaining to credibility findings sufficed to show that the ALJ complied with that ruling. Id. at 287. The ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis, fully support our conclusion that the ALJ complied with 20 C.F.R. § 416.945(e) and SSR 96-8p.

Emard, 953 F.3d at 851-52.

The ALJ's ruling in this case was sufficient under Emard. As Magistrate Judge Newbern observed: (1) "the ALJ discussed the functional limitations imposed by Coe's non-severe mental impairment at step two of his analysis, finding that Coe had no limitations in the domains of understanding, remembering, and applying information; interacting with others; and adapting and managing herself, and mild limitations in concentrating, persisting, and maintaining pace"; (2) the ALJ stated in his summary of the applicable law that he was required to "consider all of the claimant's impairments, including impairments that are not severe," and (3) "[i]n his RFC analysis, the ALJ stated that he considered 'the entire record,' 'all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence,' and 'the medical opinion(s) and prior administrative medical finding(s)[.]'" (Doc. No. 23 at 14-16). Based upon these statements, as Magistrate Judge Newbern properly found that the ALJ sufficiently establish that he considered all of Coe's impairments as required by both Emard and SSR 96-8p. See, Turner v. Comm'r of Soc. Sec., No. 20-6422, 2021 WL 6275633, at *4 (6th Cir. Sept. 24, 2021) (record established that claimant's impairments were considered in combination and was sufficient for purposes of Emard where "the ALJ stated that she had conducted a 'careful consideration of the entire record' and 'considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence'").

As for Coe's psoriatic arthritis, Coe complains that no manipulative limitations were contained in the RFC, even though the ALJ found that condition "severe," and Coe testified at the administrative hearing that she dropped objects and burned herself due to the condition. This is not

3

to say, however, that the ALJ ignored that condition. Far from it, the ALJ made detailed findings regarding Coe's arthritis (Doc. No. 19, AR at 21) but discounted her claim of disability from her arthritis based upon the medical records before him. This included notes from a treating rheumatologist dated June 24, 2019 that indicated Coe had psoriatic arthritis for about 18 years, during which period she continued to work the same job with no evidence that the condition had worsened. As such, the ALJ concluded "that [Coe] could still work with this condition, at least in the same capacity[.]" (Id at 22). That the ALJ did not spell this out more does not mean that he did not consider Coe's arthritis when making the RFC determination.

At bottom, Coe points to some evidence, including her own testimony, which could lead to the conclusion that her assorted ailments and impairments are disabling. However, this Court's role is not to reweigh conflicting evidence *de novo* or decide questions of credibility. Emard, 953 F.3d at 849. "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007) (citing Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir.2005)).

Magistrate Judge Newbern determined that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards. Having considered the matter *de novo* as required by Rule 72(a), the Court agrees. Accordingly,

(1) The Report and Recommendation (Doc. No. 24) is **ACCEPTED** and **APPROVED**;

(2) Coe's Motion for Judgment on the Administrative Record (Doc. No. 21) is **DENIED**;

(3) Coe's Objection to the R&R (Doc. No. 25) is **OVERRULED**; and

(4) The Commissioner's decision denying Coe Disability Insurance Benefits under Title II

4

is **AFFIRMED**.

The Clerk of the Court will enter a final judgment and close this case.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE